UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| QUENTIN ALEXANDER STEPHENS | ) | CASE NO.: 16-71479-JRS |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY
SLIPAKOFF AND SLOMKA P.C
AS BANKRUPTCY COUNSEL**

QUENTIN ALEXANDER STEPHENS ("Debtor"), files this Application for Authority to Employ Slipakoff and Slomka PC ("Law Firm") as Bankruptcy Counsel (this "Application") and, in support thereof, and pursuant to 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002 states as follows:

1

On December 2, 2016, Applicant filed a petition for relief under Chapter 13 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code").

2

On May 1, 2017 Debtor filed a Motion to Convert Case from Chapter 13 to Chapter 11 (Doc. 22). The Motion was granted on June 1, 2017 (Doc. 24)

3

Applicant wishes to employ the Law Firm as counsel in this Chapter 11 case.

4

Attorneys of The Law Firm are admitted to practice before this Court, are familiar with the Applicant's legal and operational problems, have knowledge and experience in bankruptcy practice, and are well qualified to represent Applicant.

5

During the Chapter 11 case, Applicant will require professional services from attorneys, including:

    (a)    Preparation of pleadings and applications;

    (b)    Conduct of examinations and hearings and filing all relevant responses;

    (c)    Advising Applicant of its rights, duties and obligations as a debtor-in- possession;

    (d)    Consulting with Applicant and representing Applicant with respect to a Chapter 11 plan;

    (e)    Performing those legal services incidental and necessary to the day-to-day operations of Applicant's business, including, but not limited to, institution and prosecution of necessary legal proceedings, and general business and corporate legal advice and assistance;

    (f)    Taking any and all other action incident to the proper preservation and administration of Applicant's estate and business.

6

With the filing of such petition, Applicant has the immediate need to retain counsel to handle the prosecution of Chapter 11 proceedings, to handle challenges against its interests by others and to otherwise represent its interest on legal matters falling under the jurisdiction of

this Court. Specifically, Applicant requires the immediate service of counsel to address issues in its case.

7

Except as set forth in the attached Declaration pursuant to Rule 2014, to the best of Applicant's knowledge: (a) The Law Firm represents no interests adverse to Applicant in the matters upon which the firm is to be engaged for Applicant; (b) The Law Firm has had no connection with Applicant, its creditors or any party in interest, or their respective attorneys and accountants, and (c) the firm's appointment will be in the best interest of Applicant and Applicant's Estate.

8

Applicant desires to employ the Law Firm at the firm's ordinary rates for comparable work, plus reasonable expenses, subject to review by the Court, during the pendency of this bankruptcy case. The firm has stated present fee rates of $300.00 per hour for attorneys and $185.00 per hour for legal assistants. Rates may be adjusted from time-to-time.

9

Debtor was able to deliver a total of $9,993.75 to the Law Firm which is comprised of (i) $3,000.00 paid to the Law Firm's trust account prior to filing the petition and (ii) an additional $6,993.00 pursuant to that certain Order from this Court entered on June 1, 2017 (Doc. No. 24), after applying $310 of this amount toward the filing fee, $932 paid upon conversion of the case from chapter 13 to 11, and $3,000 to pre-petition consultation, planning, and petition preparation.

10

Attached hereto and incorporated herein by reference is the Verified Statement of an

attorney of Law Firm offered in support of this Application.

WHEREFORE, Applicant prays that it be authorized to employ the Law Firm as its attorneys in this Chapter 11 case.

Respectfully Submitted,
Debtor in Possession, by

QUENTIN ALEXANDER STEPHENS

By:_____/s_____
Name: Quentin Alexander Stephens

Document    Page 5 of 9

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| QUENTIN ALEXANDER STEPHENS | ) | CASE NO.: 16-71479-JRS |
| | ) | |
| Debtor. | ) | |

**RULE 2014 SWORN DECLARATION IN SUPPORT OF**
**DEBTOR'S APPLICATION FOR APPROVAL OF**
**EMPLOYMENT OF DEBTOR'S ATTORNEY**

STATE OF GEORGIA
COUNTY OF FULTON

Personally appeared before me, the undersigned attesting Officer, duly authorized by law to administer oaths, the undersigned Affiants, who being first duly sworn, upon oath says as follows:

Shawn J. Eisenberg, being above the age of 18, states and declares under oath:

1. I am an attorney in the law firm of Slipakoff and Slomka PC (the "Firm") and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Debtor in the above-styled case to employ the Firm as the Debtor's attorney (the "Application"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2. Neither I nor the Firm have or represent any interest adverse to the Debtor or the Debtor's estate. The Firm has no connections with the Debtor, the Debtor's creditors, any other party in interest or their respective attorneys or accountants, provided that the Firm

provided legal services to the Debtor prior to the date of the bankruptcy filing. The Firm is not a creditor of the Debtor.

3. The Firm has no partners, associates or other professional employees who are related to the United States Trustee, any person employed in the office of the United States Trustee for the Northern District of Georgia, or with any of the Bankruptcy Judges sitting in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor the Firm have agreed to share any compensation or reimbursement under 11 U.S.C. § 503(b) with any other person except within the Firm. As of the Petition Date, the Firm holds a $3,000.00 retainer for purposes of this case and its representation of the Debtor herein. Law Firm will only disburse the retainer in accordance with Court order for payment of fees in accordance with 11 U.S.C. §§ 330 and 331 of the Bankruptcy Code. In the event that fees earned are less than the retainer, any excess will be returned to Debtor.

5. I and other attorneys of the firm are duly admitted to practice law in the United States District Court for the Northern District of Georgia, among other United States Courts. We have had substantial experience in practice before the United States Bankruptcy Court for the Northern District of Georgia and before other Bankruptcy Courts, including representing both debtors and creditors in cases filed under chapters 7, 11, and 13.

6. To the best of the undersigned's knowledge, information and belief, employment of the Firm as attorneys for the Debtors would be appropriate under 11 U.S.C. § 327 and Bankruptcy Rules 2014 and 5002.

Declared June 8, 2017

By: _____
Shawn J. Eisenberg, Esquire
Georgia Bar No. 128077
1069 Spring Street NW #200
Atlanta, Georgia 30309
(678) 732-0001 (telephone)
se@myatllaw.com (e-mail)

Subscribed and sworn to before me this 8th day of June, 2017.

_____
NOTARY PUBLIC
My Commission Expires: 3-18-21

SEAL

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| QUENTIN ALEXANDER STEPHENS | ) | CASE NO.: 16-71479-JRS |
| | ) | |
| Debtor. | ) | |

NOTICE OF REQUIREMENT OF RESPONSE TO APPLICATION
FOR EMPLOYMENT OF COUNSEL

Notice is hereby given that an Application for Employment if Counsel pursuant to 11 U.S.C. § 327 has been filed in the above styled action on or about the 8th day of June, 2017. Notice is further given that, pursuant to Local Rule BLR 6008-1 N.D.G.A., [BLR 755-2], any party may file a response to the motion within twenty-one (21) days after service, exclusive of the day of service, and serve a copy on Applicant. In the event that no response is time filed and served, the application will be deemed unopposed and the Bankruptcy Court shall enter an order granting the relief sought. In the event that the application is timely controverted, the Bankruptcy Court may schedule a hearing on notice to the movant, respondent or order such other proceedings as may be appropriate.

Dated and served this 8th day of June, 2017.

/s/ _____
Shawn J. Eisenberg, Esquire
Georgia Bar No. 128077
1069 Spring Street NW #200
Atlanta, Georgia 30309
(678) 732-0001 (telephone)
se@myatllaw.com (e-mail)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| QUENTIN ALEXANDER STEPHENS | ) | CASE NO.: 16-71479-JRS |
| | ) | |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing Application for Approval of Employment of Counsel in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

SEE ATTACHED FOR ADDITIONAL CREDITORS

Dated: June 8, 2017

/s/ _____
Shawn J. Eisenberg, Esquire
Georgia Bar No. 128077
1069 Spring Street NW #200
Atlanta, Georgia 30309
(678) 732-0001 (telephone)
se@myatllaw.com (e-mail)